NEWPORT & CINCINNATI BRIDGE CO. v. AUGUST JUTTE ET AL.

1. ERRORS NOT DEEMED OF ESSENCE IN TRIAL COURT CANNOT BE SUCCESSFULLY URGED AS GROUNDS FOR REVERSAL.

The refusal of the trial court to give certain requested instructions to the jury, but which were not, however, deemed of essence by the party making the request, nor seriously pressed to the attention of the court, cannot be urged in a reviewing court for the mere technical purpose of securing a reversal of a judgment which is found to be correct, and which, from the record, appears to have given substantial justice.

2. DUTY OF COUNSEL TO PRESERVE TRIAL COURT FROM ERROR, ETC.

A duty devolves upon counsel for both parties to endeavor to preserve the trial court from error.

3. REQUEST FOR INSTRUCTIONS BEFORE ARGUMENT NOT ·AFFIRMATIVELY SHOWN BY RECORD, WHEN.

A statement in the record: "And thereupon before argument the counsel upon both sides requested special charges to be given to the jury, as follows", does not affirmatively show a request that the charges referred to be given before argument.

ERROR to Hamilton common pleas court.

**Maxwell & Ramsey,** for plaintiff in error.

**Stephens, Lincoln & Stephens,** for defendant in error.

## JELKE, J.

This cause was originally tried in the court of common pleas in April, 1899. The judgment then rendered in favor of the defendant company was reversed by this court in the January term, 1901, for reasons assigned in the opinion reported in *Jutte* v. *Bridge Co.* 12 Circ. Dec. 136 (21 R. 422). To this decision the company prosecuted error to the Supreme Court. Upon the hearing, the Supreme Court affirmed the judgment of this court, reversing the court of common pleas, and in its mandate said, for the reason that the court of common pleas had erred in that portion of its general charge which dealt with the question of contributory negligence.

The cause was then remanded to the court of common pleas, and was again tried in that court in April, 1904, resulting in a verdict and judgment in favor of the plaintiffs, August Jutte et al.

Error to that judgment is now prosecuted to this court, and is herein under consideration.

At this latter trial, it was contended by counsel for the bridge company that inasmuch as the Supreme Court had mentioned but one of the grounds for reversing the former judgment of the court of common pleas in its mandate, the Supreme Court intended thereby to indicate its disapproval and to overrule the reasons assigned by this court, in its opinion, *Jutte* v. *Bridge Co., supra.*

The trial judge refused to recognize this contention, and in its trial of the case generally followed the principles of law enunciated by this court heretofore and that of the Supreme Court in its mandate.

The trial court, however, did not follow our former opinion strictly, but whatever modification it made of it, tended and was in favor of the defendant, the plaintiff in error herein. We do not think the contention of plaintiff in error as to the significance of the Supreme Court's mandate is well taken. We think that the rulings and charge of the court below at this latter trial, are substantially right and in accordance with the

Bridge Co. v. Jutte.

law as laid down by this court and the Supreme Court, and we find no error therein.

Again, it is contended that there was error in the trial below in the refusal of the following charge and under circumstances detailed on page 296 of the record:

"It makes no difference in this case whether proper newspaper notices were published or not, if you find from the evidence that the plaintiffs had actual knowledge of everything which the secretary of war required to be published.

"The foregoing charge was tendered and not given and the defendant excepted, all under the circumstances following:

"Counsel for defendant had, during the trial, handed the court the printed record of the former trial and at this point stated that he wished each of the special charges asked by the defendant on the former trial, as the same appeared in said record, given on this trial. Said charge was one of those so tendered. No special attention was called to said particular charge, nor was there any argument upon it in the case, although there was argument on the charges. The court had examined the said printed record of charges and stated that he would not give any of them. Counsel for defendant then said: 'To the refusal of each of these charges defendant excepts.'

"In declining the printed charges the court overlooked the foregoing charge. If his attention has been specially called to the charge, he would have given it. The court made no objection, nor did plaintiff's counsel, to the manner in which said charges were tendered."

We are of opinion that the refusal to give this charge under the circumstances herein set forth does not constitute prejudicial error of a character to require or justify a reversal of a judgment otherwise correct and on the record appearing to give substantial justice.

Without resorting to a fine criticism of this charge to justify its refusal, we are willing to say that the forum of a reviewing court is not a place where, for the first time, a point which has not been deemed of essence at the *nisi prius* trial, and which has not been seriously pressed to the attention of the court, is to be brought to the front for the mere technical purpose of securing a reversal of a judgment which the court finds otherwise correct.

A *nisi prius* trial is not a game of chess or a match of the wits of counsel to achieve a technical result. Counsel on both sides owed it to themselves, to the trial judge, and to the administration of justice, to help the trial judge, and so far as possible preserve the *nisi prius* trial from

error. Admitting that this charge ought to have been given, we nevertheless are of the opinion that the failure to give the same had no controlling effect upon the verdict.

However, looking for a technical escape from such technical error, we might say that the statement on page 288 of the record: "And thereupon before argument the counsel upon both sides requested special charges to be given to the jury, as follows:" does not show a request that these charges be given before argument though the sequence of the record shows that the request was made before the argument; the record does not disclose a request that the charges be given by the court before argument.

"To constitute error under this provision of the statute, the record must affirmatively show that the court was requested to give such instructions before the argument, and that its refusal to do so was the subject of an exception." *Monroeville (Vil.)* v. *Root*, 54 Ohio St. 523 [44 N. E. Rep. 237].

"While it is the right of a party to have correct written instructions given by the court to the jury before the argument of the case to the jury commences, when properly asked, to constitute error as to this, it must affirmatively appear from the record that the court was requested to give such instructions before the argument, and that its refusal to do so was the subject of an exception." *Cincinnati St. Ry.* v. *Jenkins*, 11 Circ. Dec. 130 (20 R. 256).

If this is not strictly a special charge within Lan. R. L. 8699 (R. S. 5190), the subject is treated in a general way on page 305 of the record in the general charge sufficiently to cure the court's refusal to give it as written.

We find no prejudicial error in the record of the trial of this case, and judgment therefore will be affirmed.

**Giffen** and **Swing, JJ.,** concur: